**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-2092

CHUAN PENG CAI,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals. (A77-353-883)

Submitted: April 8, 2005                    Decided: April 29, 2005

Before WILLIAMS, MICHAEL, and KING, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Yueh-Mei Wu Rowan, ROWAN & ASSOCIATES, P.C., Fairfax, Virginia, for
Petitioner. Peter D. Keisler, Assistant Attorney General, M.
Jocelyn Lopez Wright, Assistant Director, Jennifer L. Scheller,
UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondent.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Chuan Peng Cai ("Cai"), a native and citizen of China, petitions for review of the Board of Immigration Appeals' (Board) order denying him asylum, withholding of removal, and protection under the Convention Against Torture.[*]

We will reverse the Board only if the evidence "'was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution.'" Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992)). We have reviewed the evidence of record, the immigration judge's decision, and the Board's order and find substantial evidence supports the conclusion that Cai failed to establish the past persecution or well-founded fear of future persecution necessary to establish eligibility for asylum. See 8 C.F.R. § 1208.13(a) (2004) (stating that the burden of proof is on the alien to establish eligibility for asylum); Elias-Zacarias, 502 U.S. at 483 (same). Moreover, because Cai cannot sustain his burden on the asylum claim, he cannot establish his entitlement to withholding of removal. See Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004) ("Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must

[*]Cai does not seek review of that part of the order that denied protection under the Convention Against Torture. Therefore, he has abandoned any such claim. See United States v. Al-Hamdi, 356 F.3d 564, 571 n.8 (4th Cir. 2004); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3).").

Accordingly, we deny Cai's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

- 3 -